UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESTER DALE BLEVINS, JR., | § | |
| TDCJ-CID NO. 658311, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-2472 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Chester Dale Blevins, Jr., an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the calculation of his sentence following a parole revocation in 2006. (Docket Entry No.1). The Court will dismiss the petition for the reasons set forth below.

I. BACKGROUND

Petitioner was convicted of burglary of a habitation in 1988 in cause number 503452 in a Harris County District Court and sentenced to twenty-seven years confinement in TDCJ-CID. TDCJ website.[1] In 1991, he was convicted of unauthorized use of a motor vehicle in cause number 597,973 in the 178th District Court of Harris County, Texas, for which he was sentenced to thirty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner was released to parole on May 5, 2004. (*Id.*). On June 16, 2006, his parole was revoked and he returned to TDCJ-CID custody. (*Id.*). In November 2006, petitioner was convicted of theft in the 221st District Court of Montgomery County, Texas, in cause number 06-06-06323-CR.

---

[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=03549090

1

Punishment was assessed at nine years confinement in TDCJ-CID. *Blevins v. Thaler*, Civil Action No.4:10-0239 (S.D. Tex. May 19, 2010).

Petitioner filed this federal petition for writ of habeas corpus in early July 2010. (Docket Entry No.1). He does not challenge his underlying convictions or the validity of his parole revocation proceedings. Instead, he challenges the calculation of his sentence following his most recent parole revocation in 2006. In particular, petitioner contends that he has been denied credit for the time while he was released to parole. (Docket Entry No.1).

Petitioner indicates in the pending petition that on December 23, 2009, he pursued administrative time credit dispute resolution to no avail. (*Id.*). He does not indicate, and public records do not show, that he has pursued state habeas relief. Therefore, the Court noted that petitioner's pleading raised issues regarding exhaustion and limitations and ordered him to file a written statement addressing the same. (Docket Entry No.4). Petitioner, however, did not file a response to the Order and the time for filing such response has expired.

## II. DISCUSSION

All federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Using the date most favorable to petitioner, the Court assumes that the date of his parole revocation, June 16, 2006, triggered the statute of limitations, which expired one year later on June 16, 2007. The pending federal habeas corpus petition dated July 7, 2010, is well outside the statute of limitations period and is therefore time-barred unless petitioner can show that a statutory or equitable exception applies.

## A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner does not indicate and public records do not show that petitioner filed a state habeas corpus application to challenge the calculation of his sentence following the 2006 parole revocation. Petitioner did not respond to the Court's order to file a written statement addressing the limitations issue; and therefore, he presents no basis for statutory tolling. See 28 U.S.C. § 2244(d)(1)(B), (C), D).

3

B. Equitable Tolling

Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir.2007). Petitioner does not meet that burden here and the record does not otherwise demonstrate any basis for an exercise of equitable discretion in his favor.

Although petitioner has represented himself on federal review, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n. 13 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir.

**4**

1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). Likewise, a petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling). Petitioner has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.[2]

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that jurists of reason would not debate whether any of the

---

[2] Alternatively, petitioner has not submitted a state habeas application challenging the calculation of his sentence and therefore has failed to exhaust available state remedies prior to seeking federal habeas corpus review in violation of 28 U.S.C. § 2244(b).

Court's procedural rulings are correct; therefore, a certificate of appealability from this decision will not issue.

### IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

   The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 4th day of November, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE